# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| ELIZABETH EVON NICHOLS, | ) | Case No. 121012521 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| CITY OF PORTLAND, OFFICER J. McDANIEL, | ) | |
| and OFFICER DORIS PAISLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**RECEIVED**

OCT 0 5 2012

City Attorneys Office

4:15 pm

To:     **City of Portland**
        By and Through Mayor Sam Adams
        1221 SW Fourth Avenue, Room 340
        Portland, OR  97204

        You are required to appear and defend the complaint filed against you in this matter within thirty (30) days from the date of service of this summons upon you.  If you fail to do so, plaintiff(s) will apply to the court for the relief demanded in the complaint.

### NOTICE TO DEFENDANT:  READ THESE PAPERS CAREFULLY

        You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

        If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may [call] contact the Oregon State Bar's Lawyer Referral Service [at] online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area)  or toll-free elsewhere in Oregon at (800) 452-7636.

                                        Kenneth A. Kreuscher
                                        Oregon State Bar # 066189
                                        Of Attorneys for Plaintiff(s)

STATE OF OREGON, County of Multnomah) ss.
        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons and complaint in the above-entitled action.  I hereby declare that the above is true to the best of my knowledge and belief.  I understand that this document is made for use as evidence in court and is subject to penalty of perjury.

                                        Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:
        You are directed to serve a true copy of this summons, together with a true copy of the complaint, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed.  You are further directed to make your proof of service on the reverse side of this summons or upon a separate similar document which you shall attach to this summons.

        **Kenneth A. Kreuscher**
        Attorney for Plaintiff
        1130 SW Morrison St., Suite 407
        Portland, Oregon  97205
        Telephone:  (503) 224-3240
        FAX:  (503) 223-4518

                                        Attorney for Plaintiff

**PROOF OF SERVICE**

STATE OF OREGON)
          ) ss.
County of Multnomah)

    I certify that I made service of this summons upon the individuals and other legal entities to be served by delivering or leaving true copies of the summons and the complaint as follows:

**Individual(s) — Personal Service**

    Upon _____, by delivering a true copy to him/her, personally, at _____, on _____, 2012, at _____ o'clock ____.m.

    Upon _____, by delivering a true copy to him/her, personally, at _____, on _____, 2012, at _____ o'clock ____.m.

**Individual(s) — Substituted Service**

    Upon _____, by delivering a true copy at his/her dwelling house or usual place of abode located at _____, to _____, who is a person over the age of 14 years and a member of the household of the person served, on _____, 2012, at _____ o'clock ____.m.

    Upon _____, by delivering a true copy at his/her dwelling house or usual place of abode located at _____, to _____, who is a person over the age of 14 years and a member of the household of the person served, on _____, 2012, at _____ o'clock ____.m.

**Individual(s) - Office Service**

    Upon _____, at the business or office which she/he maintains located at _____, by leaving a true copy with _____, the person who is apparently in charge, on _____, 2012, at _____ o'clock ____.m., which is during normal working hours.

**Service on Public Bodies, Corporations, Limited Partnerships or Unincorporated Associates Subject to Suit Under a Common Name**

    Upon   <u>The City of Portland</u> _____, by
                (Name of corporation, limited partnership, etc.)

(a)     delivering a true copy, personally, to _____ who is a / the

    _____ ;
        (Specify registered agent, officer by title, general or managing agent, etc.)

(b)     leaving a true copy with <u>Crystine Jividen</u>, who is apparently in charge of the office of <u>the City Attorney</u>, who is a / the <u>Receptionist</u> ;
        (Specify registered agent, officer by title, general or managing agent, etc.)

(c)     mailing a true copy of the summons and complaint by first class mail and by certified mail, addressed to the office of the registered agent;

at <u>Portland City Hall, City Attorney's Office 1221 SW 4th, Rm 340, PDX, OR 97204</u>, on <u>October 5th</u>, 2012, at <u>4</u> o'clock <u>10</u>.m. PM

    I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporation or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

    DATED this <u>5th</u> day of <u>October</u>, 2012.

                    _____
                    Signature

              <u>Moon Young Kim</u>
                 Type or Print Name

             <u>2935 SE Coit dr. #621</u>
             <u>Portland OR 97202</u>
                   Address
        Telephone: (<u>971</u>)<u>400 0059</u>

This Proof of Service contains most, but not all, of the methods of service. This form does not include proof of service on a minor or incompetent person. See ORCP 7 D (2) and 7 D (3) for methods of service on such parties.

ENTERED

OCT - 5 2012

IN REGISTER BY RRM

*FILED*
'12 OCT -5 AM 10: 39
FOR MULTNOMAH COUNTY
CIRCUIT COURT

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| ELIZABETH EVON NICHOLS, ) | Case No: **121012521** |
| Plaintiff, ) | |
| vs. ) | COMPLAINT |
|  ) | (Seizure by Excessive Force in Violation |
|  ) | of the Fourth Amendment to the U.S. |
| CITY OF PORTLAND, OFFICER ) | Constitution, Retaliation against Speech |
| JEFFREY MCDANIEL, and OFFICER ) | in Violation of the First Amendment to |
| DORIS PAISLEY, ) | the U.S. Constitution, Battery) |
|  ) | |
| Defendants. ) | CLAIM NOT SUBJECT TO |
|  ) | MANDATORY ARBITRATION |
|  ) | |
|  ) | JURY TRIAL DEMANDED |

**COMPLAINT**

**INTRODUCTION**

1.

On November 17, 2011 in downtown Portland, Oregon, Elizabeth Nichols was

participating in a peaceful protest of "big banks" for their support of various economic

and social injustices.  At the protest, she took care to follow an instruction from a police

sound truck to stay on the sidewalk.  While Ms. Nichols was standing with other

protesters facing police, Portland Police Officer Doris Paisley put a nightstick against Ms.

Nichols' throat and pushed her backward.  Ms. Nichols yelled at Officer Paisley that this

1    action was inappropriate.  As Ms. Nichols was speaking, Officer J. McDaniel sprayed a

2    blast of oleoresin capsaicin spray at Ms. Nichols' face and into her open mouth.  Ms.

3    Nichols collapsed on the sidewalk.  Officer Paisley grabbed her by the hair and pulled her

4    away from other protesters.

5                                              2.

6        Ms. Nichols brings this action under 42 U.S.C. § 1983 against officers Paisley and

7    McDaniel for violation of her constitutional right to freedom of speech and freedom from

8    unreasonable seizure by excessive force, and against the City of Portland for adopting a

9    policy to use oleoresin capsaicin spray against peaceful protesters that encouraged

10   Officer McDaniel to spray oleoresin capsaicin in her face.

11                                             3.

12       Ms. Nichols also brings a claim against the City of Portland for battery under

13   ORS 30.265 for the unlawful use of force by officers Paisley and McDaniel.

14                                     **THE PARTIES**

15                                             4.

16       At all material times the plaintiff, Elizabeth Nichols, was a resident of Portland,

17   Oregon.

18                                             5.

19       At all material times, Defendant Officer Jeffrey McDaniel (DPSST #35716)

20   (hereinafter Officer McDaniel), was working under color of law for the City of Portland

21   as a member of the Portland Police Bureau.  Officer McDaniel is sued in his individual

22   capacity.

2 – COMPLAINT               THE PORTLAND LAW COLLECTIVE, LLP
                            1130 SW MORRISON STREET, SUITE 407
                                 PORTLAND, OR 97205
                                   (503) 228-1889

1                                             6.

2          At all material times Defendant Officer Doris Paisley (DPSST #22140)

3   (hereinafter Officer Paisley) was working under color of law for the City of Portland as a

4   member of the Portland Police Bureau.  Officer Paisley is sued in her individual capacity.

5                                             7.

6          Defendant City of Portland is a municipal entity, organized under the laws of the

7   State of Oregon, with the capacity to sue and be sued.  The Portland Police Bureau is a

8   department or division of the City.  The City is the legal and political entity responsible

9   under state law for the tort of battery by its employees acting within the course and scope

10  of their employment.  The City has a statutory duty to defend and indemnify officers

11  Paisley and McDaniel for conduct in the course and scope of their employment.

12                                      **THE FACTS**

13                                            8.

14         On November 17, 2011, Ms. Nichols joined a peaceful protest of "big banks" for

15  their support of various economic and social injustices.  The peaceful protest was also

16  focused on the extent to which the richest one percent of U.S. citizens influence

17  government policies for their personal benefit.  Ms. Nichols joined a protest outside

18  Chase Bank located at the corner of southwest Sixth and Yamhill streets in downtown

19  Portland.

20  //

21  //

22  //

3 – COMPLAINT                   THE PORTLAND LAW COLLECTIVE, LLP
                                 1130 SW MORRISON STREET, SUITE 407
                                        PORTLAND, OR  97205
                                          (503) 228-1889

1                                        9.

2        Officer Kristina Jones read a printed announcement from a laminated card over a

3   public address system mounted to the roof of a van.  Officer Jones rode inside the van

4   while another officer drove.  Officer Jones read the announcement repeatedly with breaks

5   of only about five seconds in between.  The announcement was, "This is the Portland

6   Police. Under authority of Oregon Law, Yamhill Street is being reopened to vehicular

7   traffic. You must immediately vacate the street and proceed to the sidewalk. If you

8   remain in the street you are subject to arrest. You are now being ordered to vacate the

9   street."

10                                       10.

11       No other police instructions or orders were audible to Ms. Nichols or others

12  located near her position.  On information and belief, police did not attempt to give any

13  other instructions or orders to Ms. Nichols.

14                                       11.

15       Ms. Nichols took care to remain on the sidewalk at all times after Officer Jones

16  read this announcement.

17                                       12.

18       While Ms. Nichols was standing with other protesters facing the police, Officer

19  Paisley raised a nightstick to Ms. Nichols' throat, and pushed her backward.  The

20  pressure interrupted Ms. Nichols' breathing and caused her head to bend backward.

21  People behind her prevented her from falling backward.

22  //

4 – COMPLAINT          THE PORTLAND LAW COLLECTIVE, LLP

1                                    13.

2      After she regained her balance, Ms. Nichols shouted at Officer Paisley that she

3  thought the officer's conduct was inappropriate.

4                                    14.

5      Ms. Nichols did not advance toward Officer Paisley or make any threatening

6  gestures or statements.

7                                    15.

8      While Ms. Nichols was shouting at Officer Paisley, Officer McDaniel, wearing a

9  helmet labeled "SB," sprayed her directly in the face with a blast of oleoresin capsaicin

10 spray.  The oleoresin capsaicin covered Ms. Nichols' face, filled her eyes, went up her

11 nose, and went into her mouth and throat.

12                                   16.

13     A photograph of Ms. Nichols being sprayed in the face with oleoresin capsaicin is

14 attached as Exhibit A to this complaint.

15                                   17.

16     Oleoresin capsaicin is informally known as "pepper spray."  It contains a

17 distillation of the same chemical found in hot peppers.  The oleoresin capsaicin spray

18 used by Officer McDaniel was over ten times more concentrated than the capsaicin in the

19 hottest pepper available in food stores, the habanero pepper.  The oleoresin capsaicin

20 spray used by Officer McDaniel was also over twice as concentrated as any oleoresin

21 capsaicin spray available to the public.

22 //

5 – COMPLAINT        THE PORTLAND LAW COLLECTIVE, LLP
1130 SW MORRISON STREET, SUITE 407
PORTLAND, OR 97205
(503) 228-1889

1        18.

2        Ms. Nichols was so overcome by pain that she flinched and spun away from

3    Sergeant McDaniel.  She hunched over with her hands on her face.  After a moment she

4    felt her legs collapsing and sat down on the sidewalk.  A grey-haired man bent over to

5    help her.  At the same time, Officer Paisley grabbed her by her hair and pulled her

6    backward among the police officers.

7        19.

8        Ms. Nichols was arrested at that point in time.

9    **FIRST CLAIM FOR RELIEF:**

10   **Seizure with Excessive Force in Violation of the Fourth Amendment; a claim**

11   **arising under 42 U.S.C. § 1983 (against officers Paisley and McDaniel).**

12       20.

13   All preceding paragraphs are incorporated by reference herein.

14       21.

15       In taking the actions described above, including pushing Ms. Nichols in the neck

16   with a nightstick and dragging her by the hair, Officer Paisley intentionally violated Ms.

17   Nichols' right to be free from seizure by excessive or unreasonable force, guaranteed by

18   the Fourth Amendment to the United States Constitution.

19   //

20   //

21   //

22   //

6 – COMPLAINT        THE PORTLAND LAW COLLECTIVE, LLP
                     1130 SW MORRISON STREET, SUITE 407
                     PORTLAND, OR 97205
                     (503) 228-1889

1

22.

2    In taking the actions described above, including spraying oleoresin capsaicin

3  directly into her eyes, nose and mouth, Officer McDaniel, intentionally violated Ms.

4  Nichols' right to be free from seizure by excessive or unreasonable force, guaranteed by

5  the Fourth Amendment to the United States Constitution.

6

23.

7    A cause of action for these violations of constitutional rights is provided by 42

8  U.S.C. § 1983.

9

24.

10    The unreasonable seizure of the Ms. Nichols was the direct and proximate cause

11  of bodily injury, pain, suffering, mental distress, and humiliation.  The injuries are further

12  described below in the section titled Damages, and incorporated by reference herein.

13                        **SECOND CLAIM FOR RELIEF:**

14  **Retaliation against Speech in Violation of the First Amendment; a claim arising**

15                  **under 42 U.S.C. § 1983 (against Officer McDaniel).**

16

25.

17    All preceding paragraphs are incorporated by reference herein.

18

26.

19    Officer McDaniel intentionally sprayed oleoresin capsaicin into Ms. Nichols'

20  mouth as she was yelling at members of the Portland Police Bureau to retaliate against

21  her for yelling at officers and to stop her from continuing to yell.

22  //

7 – COMPLAINT              THE PORTLAND LAW COLLECTIVE, LLP
                            1130 SW MORRISON STREET, SUITE 407
                            PORTLAND, OR  97205
                            (503) 228-1889

1

27.

2    By spraying oleoresin capsaicin into her mouth, Officer McDaniel stopped Ms.

3    Nichols from yelling at police.

4

28.

5    Being sprayed in the mouth while speaking to police at a peaceful protest would

6    deter a person of ordinary firmness from engaging in peaceful protest in the future.

7

29.

8    By spraying oleoresin capsaicin into Ms. Nichols' mouth, Officer McDaniel

9    intentionally violated her rights to freedom of speech and to petition the government for

10    redress of grievances in violation of the First Amendment to the U.S. Constitution.

11

30.

12    The conduct of Officer McDaniel in spraying oleoresin capsaicin into her mouth

13    harmed Ms. Nichols by causing extreme pain and emotional distress, and by preventing

14    her from continuing to speak.  The injuries are further described below in the section

15    titled Damages, and incorporated by reference herein.

16    **THIRD CLAIM FOR RELIEF**

17    **Violation of the First and Fourth Amendment by the City of Portland for Adopting**

18    **a Policy to Use Oleoresin Capsaicin Spray on Peaceful Protesters, a Claim Arising**

19    **Under 42 U.S.C. 1983.**

20

43.

21    All preceding paragraphs are incorporated by reference herein.

22    //

8 – COMPLAINT              THE PORTLAND LAW COLLECTIVE, LLP
                              1130 SW MORRISON STREET, SUITE 407
                                  PORTLAND, OR 97205
                                     (503) 228-1889

44.

The City of Portland, by and through the Portland Police Bureau, maintains an official policy to use oleoresin capsaicin spray as a means of controlling peaceful protesters in circumstances where the protesters do not pose a threat of physical injury.

31.

The pain and harm caused by oleoresin capsaicin spray so far outweighs any legitimate purpose in these circumstances that its use is excessive and unreasonable in violation of the Fourth Amendment to the U.S. Constitution and chills speech and petitioning the government for redress of grievances in violation of the First Amendment to the U.S. Constitution.

32.

Further, the City of Portland had notice that its policy of condoning the use of oleoresin capsaicin spray on peaceful protesters caused officers to spray protesters needlessly and maliciously. In particular, The City of Portland was alerted in *Lloyd Marbett et al. v. City of Portland, et at.*, Oregon U.S. District Court Case No. 02-CV-1448-HA, that the city's policy condoning the use of oleoresin capsaicin on peaceful protesters led to its unreasonable use on lawful peaceful protesters including pregnant women and children, and people who shouted at police while standing in a group of protesters facing a line of police. The City of Portland was deliberately indifferent to the need to revise its policy to prevent needless and malicious use of oleoresin capsaicin on peaceful protesters.

//

THE PORTLAND LAW COLLECTIVE, LLP
1130 SW MORRISON STREET, SUITE 407
PORTLAND, OR 97205
(503) 228-1889

1              33.

2       As a direct and proximate result of the City's policy condoning the use of

3   oleoresin capsaicin spray on peaceful protesters, Ms. Nichols was subjected to the

4   needless and malicious use of pepper spray by Officer McDaniel.

5              34.

6       Injuries are described below in the section titled damages, and incorporated by

7   reference herein.

8                        **FOURTH CLAIM FOR RELIEF**

9   **Battery, a Claim Arising Under ORS 30.2765 (against the City of Portland for the**

10                  **Conduct of Officers Paisley and McDaniel).**

11             35.

12      All preceding paragraphs are incorporated by reference herein.

13             36.

14      In taking the actions described above, including pushing Ms. Nichols in the neck

15  with a nightstick, spraying oleoresin capsaicin directly into her eyes, nose and mouth, and

16  dragging her by the hair, officers Paisley and McDaniel intentionally caused harmful and

17  offensive physical contact with Ms. Nichols while the officers were working for the City

18  of Portland.

19             37.

20      Injuries are described below in the section titled damages, and incorporated by

21  reference herein.

22  //

10 – COMPLAINT        THE PORTLAND LAW COLLECTIVE, LLP
                      1130 SW MORRISON STREET, SUITE 407
                      PORTLAND, OR 97205
                      (503) 228-1889

1                                **DAMAGES**

2                                **All Counts**

3                                   38.

4        When Officer Paisley pushed her in the neck with a nightstick, Ms. Nichols was

5    briefly unable to breathe, and experienced fear, surprise and humiliation.

6                                   39.

7        When Officer McDaniel sprayed oleoresin capsaicin in her face, Ms. Nichols

8    suffered excruciating and incapacitating pain in her eyes, nose and mouth.  She was so

9    overcome by pain that she could not stand or remain upright on her knees.  After the

10   initial shock, she continued to experience excruciating pain, nausea and difficulty

11   breathing.  In addition to physical pain, Officer McDaniel's choice to spray oleoresin

12   capsaicin in her face caused Ms. Nichols to suffer from shock, confusion, and

13   humiliation.

14                                  40.

15       When Officer Paisley dragged Ms. Nichols by her hair, she suffered additional

16   pain and humiliation.

17                                  41.

18       The oleoresin capsaicin on her face continued to cause Ms. Nichols pain for

19   several hours and burning in her hands caused significant pain and swelling for an

20   additional day.  Pain and emotional distress prevented her from sleeping on the night of

21   November 17, 2011.  The oleoresin capsaicin caused her to suffer from painful eczema

22   rashes for four months after November 17, 2012.

1              42.

2        Ms. Nichols suffers from ongoing trauma; she cries more easily as a result of the

3    events on November 17, 2011.  Ms. Nichols continues to experience greater anxiety when

4    she is near police officers than she did before the events on November 17, 2011.

5              43.

6        Ms. Nichols' physical pain is valued at $85,000.

7              44.

8        The emotional harm to Ms. Nichols in the form of shock, confusion, humiliation,

9    sleeplessness, and ongoing anxiety are valued at $65,000

10                    **MISCELLANEOUS**

11                     **All Counts**

12              45.

13       The Circuit Court of the State of Oregon for the County of Multnomah has

14   jurisdiction of the above listed causes of action arising under federal and state law as a

15   court of general jurisdiction.

16              46.

17       Ms. Nichols is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

18              47.

19       Plaintiff requests a trial by a jury of her peers on her claims for relief.

20   //

21   //

22   //

12 – COMPLAINT        THE PORTLAND LAW COLLECTIVE, LLP
                       1130 SW MORRISON STREET, SUITE 407
                          PORTLAND, OR  97205
                             (503) 228-1889

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment as follows:

       1.   Findings and orders indicating that officers Paisley and McDaniel and the City of Portland violated the Fourth Amendment to the U.S. Constitution because the officers seized Ms. Nichols by using excessive and unreasonable force;

       2.   Findings and orders indicating that officer McDaniel violated the First Amendment to the U.S. Constitution when he sprayed oleoresin capsaicin into her mouth while she was speaking;

       3.   Noneconomic damages in the amount of $85,000 to compensate her for physical pain;

       4.   Noneconomic damages in the amount of $70,000 for shock, confusion, humiliation, sleeplessness and anxiety;

       5.   Plaintiff's costs, disbursements and attorney fees.

Dated this 5th day of October, 2012.

PORTLAND LAW COLLECTIVE LLP

Attorneys for Elizabeth Nichols

_____
Benjamin Haile, OSB #04066

_____
Kenneth Kreuscher, OSB #066189

13 – COMPLAINT       THE PORTLAND LAW COLLECTIVE, LLP
1130 SW MORRISON STREET, SUITE 407
PORTLAND, OR 97205
(503) 228-1889

Exhibit A — Complaint, *Nichols v. City of Portland, et. al*

