DAVID A. LANDRUM, Oregon State Bar No. 955425
Deputy City Attorney
David.Landrum@portlandoregon.gov
ROBERT YAMACHIKA, Oregon State Bar No. 065560
Deputy City Attorney
Rob.Yamachika@portlandoregon.gov
City Attorney's Office
1221 SW Fourth Avenue, Room 430
Portland, OR  97204
Telephone:  503-823-4047
Facsimile:   503-823-3089
 Of Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ELIZABETH EVON NICHOLS,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**CITY OF PORTLAND, JEFFREY MCDANIEL AND DORIS PAISLEY,**<br><br>        **Defendants.** | Case No. 3:12-CV-1889 MO<br><br>**ANSWER** |

COME NOW Defendants City of Portland and Portland Police Bureau Officers Jeffrey McDaniel and Doris Paisley, and in Answer to plaintiff's Complaint) (*docket #1*), as removed from Oregon Circuit Court by Defendants on October 19, 2012, admit, deny and allege as follows:

1.      Defendants deny each and every material allegation of plaintiff's Complaint not expressly admitted herein.

2.      Defendants deny the allegations contained in ¶1 of plaintiff's Complaint, as noted in the paragraphs below.

Page  1  –  ANSWER

3.      Paragraphs 2 and 3 of plaintiff's Compliant contain legal conclusions which defendants neither admit nor deny.

4.      Defendants lack information sufficient to admit or deny the allegation contained in ¶4 of plaintiff's Complaint and therefore deny same.

5.      Defendants admit the allegations contained in ¶¶5 and 6 of plaintiff's Complaint.

6.      Defendant City admits the allegations contained in ¶7 of plaintiff's Complaint to the extent that Defendant City is a municipal entity organized under the laws of the State of Oregon, and that Oregon common-law claims that allege actionable conduct by City employees in the course and scope of their employment is governed by ORS 30.265, 30.272(1)(c), 30.275, 30.285 and 30.287. Defendant City denies any other allegation or conclusion contained in ¶7 of plaintiff's Complaint.

7.      Defendants admit the allegations contained in ¶8 of plaintiff's Complaint to the extent that a protest demonstration took place in and around the Chase Bank located at the corner of SW 6th and SW Yamhill streets in downtown Portland, Oregon on November 17, 2011, and that plaintiff was present at that demonstration. Defendant City lacks information regarding the purpose or intent of that demonstration, and therefore denies plaintiff's allegations with respect to the purpose or intent of that demonstration. Defendants deny the allegation contained in ¶8 of plaintiff's Complaint that the demonstration referred to was "peaceful."

8.      Defendants admit the allegations contained in ¶9 of plaintiff's Complaint to the extent that on November 17, 2011, the Portland Police Bureau used a sound truck with Officer Tina Jones reading the following script: "Under Authority of Oregon Law, [street] is being reopened to vehicular traffic. You must immediately vacate the street and proceed to the sidewalk. If you remain in the street you are subject to arrest. You are now being ordered to vacate the street." Defendants currently lack information sufficient to admit or deny any other allegations or conclusions contained in ¶9 of plaintiff's Complaint, and therefore deny same.

Page 2 – ANSWER

9.  Defendants deny the allegations contained in ¶¶10, 11, 12, 13 and 14 of plaintiff's Complaint.

10. Defendants admit the allegations contained in ¶¶15, and 16 of plaintiff's Complaint.

11. Defendants admit the allegations contained in ¶17 of plaintiff's Complaint that "oleoresin capsaicin is informally known as 'pepper spray,'" and "it [oleoresin capsaicin] contains a distillation of the same chemical found in hot peppers." Defendants lack information sufficient to admit or deny the remaining allegations contained in ¶17 of plaintiff's Complaint and therefore deny same.

12. Defendants deny the allegation contained in ¶18 of plaintiff's Complaint that "Officer Paisley grabbed her [plaintiff] by her hair and pulled her [plaintiff] backward among the police officers." Defendants lack information sufficient to admit or deny the remaining allegations contained in ¶18 of plaintiff's Complaint and therefore deny same.

13. Defendants admit the allegation contained in ¶19 of plaintiff's Complaint to the extent that plaintiff Nichols was placed under arrest.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## 42 U.S.C. §1983: 4TH AMENDMENT EXCESSIVE FORCE
### (Against Defendants McDaniel and Paisley)

14. Defendants re-allege the admissions and denials contain in ¶¶1-13 above.

15. Defendants deny the allegations contained in ¶¶21, 22 and 24 of plaintiff's Compliant. Paragraph 23 of plaintiff's Compliant contains a legal conclusion which Defendants neither admit nor deny.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
## 42 U.S.C. §1983: 1ST AMENDMENT RETALIATION
### (Against Defendant McDaniel)

16. Defendants re-allege the admissions and denials contained in ¶¶1-15 above.

Page 3 – ANSWER

17. Defendants deny the allegations contained in ¶¶26, 27, 28, 29 and 30 of plaintiff's Compliant.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### 42 U.S.C. §1983: 1ST AMENDMENT
### 42 U.S.C. §1983: 4TH AMENDMENT
### *MONELL*/MUNICIPAL LIABILITY FOR POLICY OR PRACTICE
### (Against Defendant City)

18. Defendants re-allege the admissions and denials contained in ¶¶1-17 above.

19. Defendants deny the allegations contained in ¶¶44, 31 and 32 on page 9; and ¶¶33 and 34 on page 10 of plaintiff's Compliant.[1]

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### OREGON COMMON-LAW BATTERY
### (Against Defendant City)

20. Defendants re-allege the admissions and denials contained in ¶¶1-19 above.

21. Defendants deny the allegations contained in ¶¶36 and 37 on page 10 of plaintiff's Complaint.

### PLAINTIFF'S DAMAGES

22. Defendants re-allege the admissions and denials contained in ¶¶1-21 above.

23. Defendants deny the allegation contained in ¶¶38, 39, 40 and 41 on page 11; and ¶¶42, 43 and 44 on page 12 of plaintiff's Complaint.

24. The allegations contained in ¶¶45, 46 and 47 on page 12 of plaintiff's Complaint consist of legal conclusions, which Defendants neither admit nor deny.

---

[1] Plaintiff's Complaint contains paragraphs consecutively numbered 1-30. The paragraph following that numbered "30" on page 8 is numbered "43." The paragraphs following that numbered "43" on page 8 are numbered as follows: 44, 31, 32 (on page 9), 33, 34, 35, 36, 37 (on page 10), 38, 39, 40, 41 (on page 11), 42, 43, 44, 45, 46, 47 (on page 12). Defendants' "Answer" refers to the paragraphs contained in plaintiff's "Complaint" by the number assigned them, and the page on which they appear in plaintiff's "Complaint."

Page 4 – ANSWER

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

25. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

26. The individually-named police officer defendants who had contact with plaintiff are entitled to qualified immunity. The officers used no more force than necessary to fulfill their duty when plaintiff willfully refused to comply with a lawful order by police officers, and used her body to obstruct and interfere with officers carrying out their lawful duty. It was objectively reasonable for the officers to use reasonable force to gain plaintiff's compliance.

### THIRD AFFIRMATIVE DEFENSE

(Justification/Privilege)

27. The Portland police officers were justified/privileged to use reasonable physical force to detain plaintiff. The officers used no more force than necessary to fulfill their duty when plaintiff willfully refused to comply with a lawful order by police officers, and used her body to obstruct and interfere with officers carrying out their lawful duty. It was objectively reasonable for the officers to use reasonable force to gain plaintiff's compliance.

### FOURTH AFFIRMATIVE DEFENSE

(No Constitutional Violation)

28. The actions of defendant officers and their use of force do not constitute a constitutional violation. The officers used no more force than necessary to fulfill their duty when plaintiff willfully refused to comply with a lawful order by police officers, and used her body to obstruct and interfere with officers carrying out their lawful duty. It was objectively reasonable for the officers to use reasonable force to gain plaintiff's compliance.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

WHEREFORE, having fully answered plaintiff's Complaint, Defendants pray that plaintiff's Complaint be dismissed and that judgment be entered in Defendants' favor and for Defendants' costs and disbursements incurred herein, in addition to such other relief as may be justified.

Dated: October 25, 2012.

_____
David Landrum and OSB #955425
Deputy City Attorney
Robert Yamachika, OSB #065560
Deputy City Attorney
Telephone: (503) 823-4047
Of Attorneys for Defendants

Page 6 – ANSWER